UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDITH BURGESS
RENEE BURGESS
JOSEPH TWITTY,

        Plaintiffs

v.

COLLECTCORP CORPORATION

 SERVE: CT Corporation System
     4701 Cox Road, Suite 301
     Glen Allen, VA 23060

        Defendant.

Civil Action No. 3:09CV188

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA") and 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

### JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### PARTIES

3. Plaintiff Joseph Twitty is a natural person and a "consumer" as defined by the FCRA and FDCPA.

4. Plaintiff Edith Burgess is a natural person and a "consumer" as defined by the FCRA and FDCPA.

5. Plaintiff Renee Burgess is a natural person and a "consumer" as defined by the FCRA and FDCPA.

6. Defendant CollectCorp Corporation (hereafter, "CollectCorp," or "the Defendant") is a foreign corporation which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

7. Defendant CollectCorp regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. The Defendant has alleged that Plaintiffs' grandfather, Robert Lee Jones (hereafter, "Mr. Jones" or "Plaintiffs' grandfather"), was an obligor on a credit card at some point, years in the past. He has no recollection of the same. Upon information and belief, he was never obligated on the debt, and the Defendant recklessly identified him as the debtor based on insufficient identification information or a "skip trace" report, given the commonality of his name.

9. Upon information and belief, the account was sold to Defendant CollectCorp by the original creditor, and CollectCorp began engaging in collection activity on the debt.

10. Defendant CollectCorp thereafter placed multiple phone calls to the Plaintiffs' respective households regarding the account and communicated information to several family members regarding Mr. Jones' alleged debt.

11. On May 12, Defendant CollectCorp placed such a call to Plaintiff Joseph Twitty's home residence and spoke to his wife. Plaintiff Twitty's wife spoke with an employee of the Defendant who refused to provide any identification whatsoever when she requested that he do so.

12. During the initial phone call, the Defendant's employee alleged that Mr. Jones had listed Plaintiff Twitty as his next of kin. This statement was false on its face. The CollectCorp employee demanded that Plaintiff Twitty's wife state whether her husband was home or not. Mrs. Twitty indicated

that if the collector would simply provide her with additional information regarding the debt collector's identity and phone number, she would have her husband return the call when he was available. The CollectCorp employee refused her request and eventually terminated the call.

13. When Plaintiff Twitty returned home, his wife informed him of the telephone conversation she had with the Defendant. Plaintiff Twitty contacted his telephone service provider in attempts to trace the call, as it was listed on their Caller ID as "Unknown Caller." Upon information and belief, Defendant CollectCorp's standard business practice is to configure its telephonic dialing software such that its true Caller Identification information is electronically masked.

14. Later that afternoon, Plaintiff Twitty's wife received a call from her mother, Plaintiff Edith Burgess, informing her that an individual by the name of Eugene Khaykin had left a voicemail message concerning her grandfather. The message stated that Plaintiff Edith Burgess was listed as "an associate" for Mr. Jones and asked her for assistance in locating the individual currently responsible for managing his financial affairs, given that Mr. Jones was in a nursing home, and an "urgent matter" had arisen concerning him. Plaintiff Edith Burgess was extremely frightened and worried about Mr. Jones' physical condition from the urgent tone of the voicemail and immediately relayed Eugene Khaykin's contact information to her daughter.

15. That evening, Plaintiff Twitty's wife contacted the Defendant's employee who was using the collection alias "Eugene Khaykin." In this call, Plaintiff Twitty's wife asked Mr. Khaykin about the purpose of his voicemail, which had caused Plaintiff Edith Burgess significant distress. Mr. Khaykin, however, became immediately hostile with Mrs. Burgess Twitty when questioned. In a loud and abusive manner, Mr. Khaykin stated that the law did not require him to tell her who he worked for and repeatedly ignored Plaintiff Twitty's wife questions, instead repeatedly demanding to know if she was in contact with her grandfather. Plaintiff Twitty's wife stated several times throughout the call that she wanted to speak

to a representative from the legal department, and that Mr. Khaykin had no right to harass her family with his repeated calls.

16. Mr. Khaykin adamantly refused Plaintiff Twitty's wife's repeated requests to speak to someone in the legal department and instead insulted her and impugned her "professionalism."

17. After reiterating her request to speak to someone in the legal department, and after Mr. Khaykin responded with several personal attacks and insults, Plaintiff Twitty's wife terminated the call. She then again called the Defendant in attempts to speak with an individual in the legal department. Plaintiff Twitty's wife spoke with an employee of the Defendant, who identified himself as "Ozzy Bristol," but who then refused to discuss the matter with her and transferred her back to Mr. Khaykin.

18. Mr. Khaykin continued his personal attack on Plaintiff Twitty's wife and stated that her grandfather was "doing a good job dodging his bills," and that he was using her to assist in that effort.

19. Mr. Khaykin transferred Plaintiff Twitty's wife to an employee of the Defendant he identified as his supervisor, Mr. Ray Qureshi. Mr. Qureshi then began interrogating Plaintiff Twitty's wife further concerning her grandfather and the alleged debt. Upon information and belief, Mr. Qureshi was not Mr. Khaykin's supervisor, but rather a co-worker posing as his supervisor.

20. Upon noticing his wife's emotional state, Plaintiff Twitty then took over the call. Plaintiff Twitty reiterated his wife's requests to be transferred to the legal department and asserted that the Defendant had no right to contact or hound them concerning a debt that was not theirs. Mr. Qureshi refused to allow Plaintiff Twitty to speak with the Defendant's in-house attorney or legal department. As Plaintiff Twitty was becoming visibly upset, Mrs. Twitty took the call back from him. Immediately after she did so, Mr. Qureshi demanded to be transferred back to Plaintiff Twitty, informing Mrs. Twitty that her husband "sounded more intelligent than her." Plaintiff Twitty's wife terminated the call.

21. Later that day, after speaking with multiple family members, Plaintiff Twitty and his wife were outraged to learn that Mr. Khaykin not only attempted to contact Plaintiff Twitty's mother-in-law and father-in-law, but had also spoken with Plaintiff Renee Burgess and an aunt on the same day concerning Mr. Jones. In this calls, Mr. Khaykin continued his pattern of personal attacks and accusations.

22. For example, in his conversation with Plaintiff Renee Burgess, Mr. Khaykin refused to identify his employer, following repeated requests that he do so. When Plaintiff Renee Burgess informed Mr. Khaykin that she did not feel comfortable confirming anything regarding Mr. Jones until Mr. Khaykin disclosed further information regarding the nature and purpose of his call, Mr. Khaykin interrogated Plaintiff Renee Burgess as to why she was dodging and screening his calls.

23. Mr. Khaykin proceeded with his personal attacks on Plaintiff Renee Burgess and threatened her in attempts to coerce her to provide information regarding Mr. Jones. Mr. Khaykin further accused Plaintiff Renee Burgess of aiding her grandfather in "dodging his debts," and stated that he had the legal right to continue to call her or any of her family members until she became "more pleasant," "changed her attitude," "fess[ed] up," [sic] and provided the information that he demanded. After further conversation which left her visibly emotionally distraught, Plaintiff Renee Burgess terminated the call.

## FIRST CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(1)

24. Plaintiffs reincorporate the allegations set forth in paragraphs 1-23 above as if fully set out herein.

25. Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(1) by its actions including, but not limited to, the representations made by the Defendant during its communications with third parties regarding the debt by its failure to provide identifying information to

Plaintiffs and by its failure to state that the collector was confirming or correcting location information concerning Mr. Jones.

26. As a result of the actions taken by Defendant CollectCorp, which include but are not limited to its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## SECOND CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(2)

27. Plaintiffs reincorporate the allegations set forth in paragraphs 1-26 above as if fully set out herein.

28. Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(2) by its actions including, but not limited to, the representations made by the Defendant during its communications with third parties regarding the debt by its statements that the Mr. Jones was obliged on such debt.

29. As a result of the actions taken by Defendant CollectCorp, which include, but are not limited to, its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## THIRD CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(3)

30. Plaintiffs reincorporate the allegations set forth in paragraphs 1-29 above as if fully set out herein.

31. Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(3) by its actions including, but not limited to, the representations made by the Defendant during

its repeated communications with third parties when the Defendant had no reasonable basis to believe that the earlier responses of said third parties concerning their knowledge of Mr. Jones' location information were erroneous or incomplete.

32. As a result of the actions taken by Defendant CollectCorp, which include but are not limited to its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## FOURTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

33. Plaintiffs reincorporate the allegations set forth in paragraphs 1-32 above as if fully set out herein.

34. Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by its actions including the statements made by the Defendant during its repeated, unauthorized communications with Plaintiffs regarding the debt without Mr. Jones' consent to do so.

35. As a result of the actions taken by Defendant CollectCorp, which include but are not limited to its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## FIFTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d(2)

36. Plaintiffs reincorporate the allegations set forth in paragraphs 1-35 above as if fully set out herein.

37. Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d(2) by its actions which include, but are not limited to, abusing and harassing the Plaintiffs. The

Defendant additionally violated §1692d(6) by placing telephone calls without a meaningful disclosure of the caller's identity, by using a collection alias, and by failing to state the name of the entity on whose behalf the call was initiated.

38.     As a result of the actions taken by Defendant CollectCorp, which include but are not limited to its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## SIXTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

39.     Plaintiffs reincorporate the allegations set forth in paragraphs 1-38 above as if fully set out herein.

40.     Defendant CollectCorp violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e by its actions which include, but are not limited to, its use of false, deceptive, and misleading representations in its attempts to collect on the alleged debt.

41.     As a result of the actions taken by Defendant CollectCorp, which include but are not limited to its attacks made against Plaintiffs personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiffs have experienced economic and non-economic damages.

## SEVENTH CLAIM FOR RELIEF - FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681b

42.     Plaintiffs reincorporate the allegations set forth in paragraphs 1-41 above as if fully set out herein.

43.     Defendant CollectCorp violated 15 U.S.C § 1681b by its conduct which includes, but is not limited to, accessing multiple consumer reports that were not initiated by the Plaintiffs when it lacked a permissible purpose by which to do so.

44.     As a result of Defendant CollectCorp's conduct, actions, and inaction, the Plaintiffs suffered various types of damage as set forth herein, including specifically, the intrusion into Plaintiffs' privacy and the emotional distress and anxiety associated with concern about future unauthorized inquiries into their personal financial information and/or the risk of instances of identity theft resulting from such inquiries.

45.     Defendant CollectCorp's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

46.     The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs, and their attorneys' fees from Defendant CollectCorp in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiffs demand judgment for actual, compensatory, statutory, and punitive damages against the Defendant; for their attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, for injunctive and declaratory relief, including specifically, that Defendant CollectCorp be enjoined from any further contact with the Plaintiffs; and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

                                       Respectfully submitted,
                                       **EDITH BURGESS,**
                                       **RENEE BURGESS, AND**
                                       **JOSEPH TWITTY**

By: _____
Of Counsel

Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiffs
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030
Tel:    703-273-7770
Fax:   888-892-3512
matt@clalegal.com